SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00488-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CHRISTOPHER MARK LEAR,** | |
| **Defendant.** | |

Defendant is before the Court for escaping custody while serving a sentence for distributing controlled substances, and while fugitive, possessing with intent to distribute controlled substances. To the defendant's credit, the defendant has taken an expedited path to resolving the defendant's cases, but only after the defendant was caught attempting to elude a police officer. The parties have reached a global plea agreement to resolve Defendant's new federal charges, Defendant's supervised release violations, and charges pending in Clackamas County Circuit Court and jointly recommend a total sentence of 140 months imprisonment on the federal matters, to be followed by five years' supervised release.

**Government's Sentencing Memorandum**                                              **Page 1**

## I.        SENTENCING CALCULATIONS

### A.        Plea Agreement and PSR Calculations

Pursuant to the plea agreement, the defendant agreed to waive indictment and plead guilty to a two-count superseding information alleging escape in violation of 18 U.S.C. § 751, and possession with intent to distribute methamphetamine with a prior serious drug felony in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 851.

The government's guideline calculation is consistent with the Presentence Report (PSR). For Count 1, the calculation is straightforward. The base offense level is 13 (USSG § 2P1.1). Two levels are added for defendant's obstruction of justice by failing to appear for a judicial proceeding (USSG § 3C1.1). For Count 2, the calculation is more complicated.

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(8) | 100-400 kilograms of converted drug weight | **BOL=24** |
| USSG § 3D1.4 | Multi-Count Grouping | **+ 0** |
| USSG § 4B1.1 | Career Offender | **Adj to 37** |
|  | **Adjusted Offense Level** | 37 |
| USSG § 3E1.1(a) | Acceptance of responsibility | -3 |
|  | **Total Offense Level** | 34 |

The PSR correctly calculates defendant's criminal history category as VI due to the defendant's status as a career offender. USSG § 4B1.1(b). This produces an advisory guideline range of 262-327 months' imprisonment.

Pursuant to the plea agreement the government has agreed to recommend a downward variance for all 3553(a) factors including defendant's expedited early resolution of a complex case with no motions or needless delay, and the defendant's resolution of multiple cases across different jurisdictions. The parties have agreed to recommend a downward variance to the jointly

**Government's Sentencing Memorandum**                                                    **Page 2**

recommended sentence.  For the reasons set forth below, no further reductions are necessary to achieve a sufficient sentence.

### B.    The Recommended Sentence

As to Count One, Escape, the government recommends the Court sentence defendant to 24 months' custody. As to Count Two, the government recommends a sentence of 140 months' custody. Pursuant to the plea agreement, the government recommends these sentences run concurrent to one another and concurrent to the 75 month sentence defendant is serving on Clackamas County Circuit Court case 26CR10073.

## II.    ARGUMENT

### A.    Factual Summary

The PSR writer accurately summarized the facts of the defendant's crime spree. (PSR ¶¶ 18-21).  In September 2025, while committed to the custody of the Attorney General and placed at the Northwest Regional Reentry Center (NWRRC), in Portland Oregon, defendant cut off defendant's ankle monitor and fled. A federal warrant issued on a complaint alleging felony escape.

Defendant was a fugitive until defendant had police contact in October 2025. Milwaukie Police responded to a report of found property at a local establishment. Employees reported a woman left her bag behind. In plain view inside the bag, the officer found 107.23 gross grams of methamphetamine, 12.89 gross grams of cocaine, a scale, and two boxes of empty baggies. Soon after the discovery, employees brought defendant to the officer stating that defendant claimed to own the bag. When the officer inquired about ownership, defendant denied being the owner of the purse. The officer told defendant to stay put, but defendant ran away on foot. After a brief pursuit, the officer apprehended defendant and identified defendant as the fugitive in the federal

**Government's Sentencing Memorandum**                                                    **Page 3**

case. Officers lawfully searched defendant's person and seized $1,470.75 and additional evidence of narcotics trafficking.

On October 23, 2025, defendant made an initial appearance on the escape complaint in federal court. Defendant was sent back to Sheridan to serve the remainder of defendant's original drug sentence. On January 9, 2026, defendant was erroneously released from custody and directed to report to the Probation Office in Portland to begin supervised release. When defendant reported to the Probation Office, officers directed defendant to remain in the lobby while they sorted out the erroneous release. Defendant fled (again).

On February 20, 2026, defendant was arrested in Clackamas County following an attempt to elude police. Defendant was in possession of methamphetamine, fentanyl, over $400 in U.S. currency, digital scales, plastic baggies, a fixed blade knife, and miscellaneous drug paraphernalia.

**B.      140 Months Imprisonment is Sufficient but Not More than Necessary**

Finally caught with charges piling up in multiple cases across different jurisdictions, defendant declared the equivalent of criminal bankruptcy.  This sentence is well below the advisory guideline range for career offenders like defendant, here, 262-327 months' custody. This sentence is also well below the types of sentences imposed for other methamphetamine distributors with defendant's criminal history. According the Judicial Sentencing Information (JSIN) data referenced in the PSR, "after excluding defendants who received a §5K1.1 substantial assistance departure. For the 181 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 186 month(s) and the median length of imprisonment imposed was 180 month(s)." PSR cover letter p. 2.

**Government's Sentencing Memorandum**                                   **Page 4**

A sentence of 140 months custody reflects the seriousness of the defendant's crimes, defendant's significant and persistent criminal history, and protects the community from additional crimes by defendant. No further reductions are necessary.

## III.    CONCLUSION

Based on the foregoing, the government recommends that this Court impose a total sentence of 140 months, followed by a five year term of supervised release, subject to the standard conditions, plus order Defendant to pay a $100 fee assessment, and forfeiture as agreed upon in the plea agreement.

Dated: July 28, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, QSB #013366
Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 5**